1 | Mark E. Ellis – 127159
Jennifer S. Gregory – 228593
2 | ELLIS, COLEMAN, POIRIER, LAVOIE, & STEINHEIMER LLP
555 University Avenue, Suite 200 East
3 | Sacramento, CA  95825
Tel: (916) 283-8820
4 | Fax: (916) 283-8821
mellis@ecplslaw.com
5 | jgregory@ecplslaw.com

6 | Attorneys for
Defendant ROBERT E. CLOUSE, Individually and D.B.A. BOB CLOUSE INSURANCE
7 |

8 |

9 | UNITED STATES DISTRICT COURT

10 | EASTERN DISTRICT OF CALIFORNIA

11 | SCOTT N. JOHNSON,                              Case No.:  2:09 CV 00930

12 |            Plaintiff,                          **DEFENDANT ROBERT E. CLOUSE,
                                                   INDIVIDUALLY AND DBA BOB CLOUSE
13 | v.                                            INSURANCE'S ANSWER TO UNVERIFIED
                                                   COMPLAINT**
14 | ROBERT E. CLOUSE, Individually and d/b/a
BOB CLOUSE INSURANCE; WENDY J.
15 | MERZ, Individually and d/b/a PROGRESSIVE
THERAPY CLINIC; ROSEANNE G. HALL,
16 | Individually and d/b/a ROSEANNE HALL
INSURANCE AGENCY; QUALITY IN HOME
17 | CARE SPECIALIST, INC., Individually,

18 |

19 |

20 |        Defendant ROBERT E. CLOUSE, Individually and DBA BOB CLOUSE INSURANCE

21 | ("Defendant" or "answering Defendant"), hereby responds and answers the Complaint of Plaintiff

22 | SCOTT JOHNSON ("Plaintiff") as follows:

23 |                              **THE PLAINTIFF**

24 | 1.     Answering paragraph 1 of the Complaint, Defendant is without knowledge or information

25 | sufficient to form a belief as to the truth of the allegations in this paragraph regarding Plaintiff's

26 | physical condition and, therefore, denies such allegations.

27 | / / /

28 | / / /

- 1 -

1

**THE DEFENDANT**

2    2.       Answering paragraph 2 of the Complaint, Defendant admits the subject property is generally

3    located at 6267 Greenback Lane, Orangevale, California, California.  However, Defendant is without

4    sufficient information at this time to admit or deny the other allegations set forth therein, and therefore

5    denies each and every remaining allegation.

6

**THE FACTS**

7    3.       Answering paragraph 3 of the Complaint, Defendant admits that Plaintiff is seeking injunctive

8    relief and damages.  Defendant denies that it presently, or has in the past, engaged in intentionally

9    discriminatory or otherwise unlawful practices against individuals with disabilities, and denies each

10   and every remaining allegation contained in paragraph 3.

11

**JURISDICTION**

12   4.       Answering paragraph 4 of the Complaint, Defendant admits this Court has jurisdiction under 28

13   U.S.C. §§ 1331 and 1343 based upon Plaintiff's allegations Defendant violated the Americans with

14   Disabilities Act of 1990, 42 U.S.C. § 12101 et seq. ("ADA") and the Court may choose to exercise

15   supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. Except as

16   expressly admitted, the remaining allegations of this paragraph are conclusions of law that require no

17   responsive pleading under the Federal Rules of Civil Procedure and are, therefore, specifically denied.

18

**VENUE**

19   5.       Answering paragraph 5 of the Complaint, Defendant admits pursuant to 28 U.S.C. § 1391(b),

20   venue is proper in the United States District Court of the Eastern District of California. Except as

21   expressly admitted, Defendant denies each and every allegation contained in paragraph 5.

22

**INTRADISTRICT**

23   6.       Answering paragraph 6 of the Complaint, Defendant admits this case should be assigned to the

24   Sacramento intradistrict. Defendant will reserve their decision of whether to participate in VDRP or

25   consent to proceed before a United States Magistrate Judge until their Pretrial Scheduling Conference

26   Statement is filed.

27   7.       Answering paragraph 7 of the Complaint, Defendant admits portions of the subject property are

28   a  place  of  public  accommodation  where  the  general  public  is  invited  and  it  is  intended  for

- 2 -

nonresidential use. The remaining allegations of this paragraph are conclusions of law that require no responsive pleading under the Federal Rules of Civil Procedure and are, therefore, specifically denied.

8.      Answering paragraph 8 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph regarding Plaintiff's physical condition and, therefore, deny such allegations.

9.      Answering paragraph 9 of the Complaint, Defendant is without sufficient information at this time to admit or deny the allegations set forth therein, and therefore Defendant denies them.

10.     Answering paragraph 10 of the Complaint, Defendant is without sufficient information at this time to admit or deny the allegations set forth therein, and therefore Defendant denies them.

## FIRST CLAIM

## AMERICANS WITH DISABILITIES ACT OF 1990

11.     Answering paragraph 11 of the Complaint, Defendant incorporates by reference as if fully set forth herein its responses to paragraphs 1 through 10 of this Complaint.

12.     Answering paragraph 12 of the Complaint, the allegations of this paragraph are conclusions of law that require no responsive pleading under the Federal Rules of Civil Procedure and are, therefore, specifically denied.

13.     Answering paragraph 13 of the Complaint, the allegations of this paragraph are conclusions of law that require no responsive pleading under the Federal Rules of Civil Procedure and are, therefore, specifically denied.

14.     Answering paragraph 14 of the Complaint, the allegations of this paragraph are conclusions of law that require no responsive pleading under the Federal Rules of Civil Procedure and are, therefore, specifically denied.

15.     Answering paragraph 15 of the Complaint, the allegations of this paragraph are conclusions of law that require no responsive pleading under the Federal Rules of Civil Procedure and are, therefore, specifically denied.

16.     Answering paragraph 16 of the Complaint, the allegations of this paragraph are conclusions of law that require no responsive pleading under the Federal Rules of Civil Procedure and are, therefore, specifically denied.

17.    Answering paragraph 17 of the Complaint, the allegations of this paragraph are conclusions of law that require no responsive pleading under the Federal Rules of Civil Procedure and are, therefore, specifically denied.

18.    Answering paragraph 18 of the Complaint, Defendant denies that it presently, or has in the past, engaged in intentionally discriminatory or otherwise unlawful practices against individuals with disabilities.  As to the remaining allegations, Defendant is without sufficient information at this time to admit or deny the allegations set forth therein, and therefore Defendant denies them.

19.    Answering paragraph 19 of the Complaint, Defendant denies that it presently, or has in the past, engaged in intentionally discriminatory or otherwise unlawful practices against individuals with disabilities.  As to the remaining allegations, Defendant is without sufficient information at this time to admit or deny the allegations set forth therein, and therefore Defendant denies them.

20.    Answering paragraph 20 of the Complaint, Defendant denies that it presently, or has in the past, engaged in intentionally discriminatory or otherwise unlawful practices against individuals with disabilities.  As to the remaining allegations, Defendant is without sufficient information at this time to admit or deny the allegations set forth therein, and therefore Defendant denies them.

**SECOND CLAIM**

**DAMAGES FOR DENIAL OF FULL AND EQUAL ACCESS TO A PUBLIC**

**ACCOMMODATION: PUBLIC FACILITIES AT A PUBLIC ACCOMODATION**

**(CIVIL CODE §§ 51, 52)**

21.    Answering paragraph 21 of the Complaint, Defendant incorporates by reference as if fully set forth herein its responses to paragraphs 1 through 20 of this Complaint.

22.    Answering paragraph 22 of the Complaint, the allegations of this paragraph are conclusions of law that require no responsive pleading under the Federal Rules of Civil Procedure and are, therefore, specifically denied.

23.    Answering paragraph 23 of the Complaint, Defendant denies that it presently, or has in the past, engaged in intentionally discriminatory or otherwise unlawful practices against individuals with disabilities.  As to the remaining allegations, Defendant is without sufficient information at this time to admit or deny the allegations set forth therein, and therefore Defendant denies them.

24.    Answering paragraph 24 of the Complaint, Defendant denies that it presently, or has in the past, engaged in intentionally discriminatory or otherwise unlawful practices against individuals with disabilities.  As to the remaining allegations, Defendant is without sufficient information at this time to admit or deny the allegations set forth therein, and therefore Defendant denies them.

25.    Answering paragraph 25 of the Complaint, Defendant denies that it presently, or has in the past, engaged in intentionally discriminatory or otherwise unlawful practices against individuals with disabilities.  As to the remaining allegations, Defendant is without sufficient information at this time to admit or deny the allegations set forth therein, and therefore Defendant denies them.

26.    Answering paragraph 26 of the Complaint, Defendant denies that it presently, or has in the past, engaged in intentionally discriminatory or otherwise unlawful practices against individuals with disabilities.  As to the remaining allegations, Defendant is without sufficient information at this time to admit or deny the allegations set forth therein, and therefore Defendant denies them.

27.    Answering paragraph 27 of the Complaint, Defendant denies that it presently, or has in the past, engaged in intentionally discriminatory or otherwise unlawful practices against individuals with disabilities.  As to the remaining allegations, Defendant is without sufficient information at this time to admit or deny the allegations set forth therein, and therefore Defendant denies them.

**AFFIRMATIVE DEFENSES**

28.    For a further answer to Plaintiff's Complaint and by way of affirmative defenses, this answering Defendant alleges as follows:

**FIRST AFFIRMATIVE DEFENSE**

29.    The Complaint as a whole, and each purported claim for relief alleged therein, fails to state facts sufficient to constitute a claim for relief against this answering Defendant.

**SECOND AFFIRMATIVE DEFENSE**

30.    This answering Defendant alleges Plaintiff's claims for relief for damages are barred because this answering Defendant did not deny or interfere with Plaintiff's access to the goods and/or services provided at the subject property.

/ / /

/ / /

- 5 -

**THIRD AFFIRMATIVE DEFENSE**

31.     This answering Defendant alleges the Complaint, and each purported claim for relief alleged therein, is barred in that the incidents alleged in the Complaint were caused by the fault of other persons and entities of other parties and/or non-parties to this action, and this answering Defendant's liability, if any, should be reduced accordingly.

**FOURTH AFFIRMATIVE DEFENSE**

32.     This answering Defendant alleges the Complaint, and each purported claim for relief alleged therein, is barred in that this answering Defendant's conduct was privileged because it was undertaken pursuant to the terms of the applicable laws, regulations, orders, and approvals relating to building construction, renovation, and/or remodeling.

**FIFTH AFFIRMATIVE DEFENSE**

33.     This answering Defendant alleges Plaintiff's Complaint, and each purported claim for relief alleged therein, is barred because Plaintiff is estopped by his own conduct to claim any right to damages or any relief against this answering Defendant.

**SIXTH AFFIRMATIVE DEFENSE**

34.     This answering Defendant alleges Plaintiff's claims for relief for damages are barred because Plaintiff failed, subsequent to the occurrences described in the Complaint, to properly mitigate his damages and thereby is precluded from recovering those damages that could have reasonably been avoided by the exercise of due care on Plaintiff's part.

**SEVENTH AFFIRMATIVE DEFENSE**

35.     This answering Defendant alleges Plaintiff's claims for relief for damages are barred because Plaintiff voluntarily and with full knowledge of the matters referred to in the Complaint assumed any and all of the risks, hazards, and perils of the circumstances referred to in the Complaint and, therefore, assumed the risk of any injuries or damages sustained by Plaintiff, if any at all.

**EIGHTH AFFIRMATIVE DEFENSE**

36.     This answering Defendant alleges Plaintiff's claims for damages are barred because Plaintiff failed to exercise reasonable and ordinary care, caution, or prudence for his own safety and well-being to avoid his alleged injuries and damages, if any. Plaintiff is barred from seeking an award of damages

- 6 -

1   for his purported injuries, if any, or any recovery of damages must be reduced, because any such

2   injuries and damages sustained by Plaintiff were proximately caused and contributed to by the

3   negligence of Plaintiff.

### NINTH AFFIRMATIVE DEFENSE

5   37.   This answering Defendant alleges pursuant to California Civil Code § 55, in the event this

6   answering Defendants prevail in this action, this answering Defendant shall be entitled to recover

7   reasonable attorneys' fees as and for the defense of this matter, and this answering Defendant hereby

8   alleges entitlement by reason thereof to attorneys' fees and reasonable costs in this action.

### TENTH AFFIRMATIVE DEFENSE

10   38.   This answering Defendant alleges Plaintiff's Complaint, and each purported claim for relief

11   alleged therein, is barred by reason of this answering Defendant's good-faith reliance upon the

12   permissible, reasonable interpretations of California law by local building authorities and issuance of

13   building permits and Certificates of Occupancy for the subject property.

### ELEVENTH AFFIRMATIVE DEFENSE

15   39.   This answering Defendant alleges Plaintiff's Complaint, and each purported claim for relief

16   alleged therein, is barred by reason of this answering Defendant's good-faith reliance upon the advice

17   of architects with respect to the subject property.

### TWELFTH AFFIRMATIVE DEFENSE

19   40.   This answering Defendant alleges Plaintiff's Complaint, and each purported claim for relief

20   alleged therein, is barred insofar as this answering Defendant had not made the alterations to the

21   subject property that Plaintiff contends should have been made, those changes were not and are not

22   required under federal or California law, and any requirements to make those changes would impose

23   an undue burden upon this answering Defendant.

### THIRTEENTH AFFIRMATIVE DEFENSE

25   41.   This answering Defendant alleges Plaintiff's Complaint, and each purported claim for relief

26   alleged therein, is barred insofar as this answering Defendant had not made the alterations to the

27   subject property that Plaintiff contends should have been made, those changes were not and are not

28   required under federal law because such changes are not readily achievable.

- 7 -

**FOURTEENTH AFFIRMATIVE DEFENSE**

42.     This answering Defendant alleges Plaintiff's Complaint, and each purported claim for relief alleged therein, is barred insofar as this answering Defendant has not made the alterations to the subject property that Plaintiff contends should have been made, those changes were not and are not required under federal or California law because such changes would fundamentally alter the nature of the goods and/or services provided by this answering Defendant at the subject property.

**FIFTEENTH AFFIRMATIVE DEFENSE**

43.     This answering Defendant alleges Plaintiff's Complaint, and each purported claim for relief alleged therein, is barred by the applicable statutes of limitations.

**SIXTEENTH AFFIRMATIVE DEFENSE**

45.     This answering Defendant alleges Plaintiff's claims for relief for damages are barred to the extent Plaintiff seeks redress for physical and emotional injuries arising from preexisting physical or mental conditions.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

46.     This answering Defendant alleges the Complaint, and each purported claim for relief alleged therein, is barred in that this answering Defendant provided Plaintiff alternative methods for access to the subject property.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

47.     This answering Defendant alleges the Complaint, and each purported claim for relief alleged therein, is barred because Plaintiff was not a bona fide patron of the subject property. Instead, if Plaintiff visited the subject property, he did so for purpose of instituting the instant litigation.

**NINETEENTH AFFIRMATIVE DEFENSE**

48.     This answering Defendant alleges the Complaint, and each purported claim for relief alleged therein, is barred in that this answering Defendant had no independent knowledge, as of the filing of this Answer, of the facts allegedly constituting the claims for relief to Plaintiff's Complaint, and based thereon, hereby respectfully requests leave of Court to amend this Answer to include those affirmative defenses that are revealed during the course of this answering Defendant's discovery.

**TWENTITH AFFIRMATIVE DEFENSE**

- 8 -

1   49.   This answering Defendant alleges Plaintiff's Complaint, and each purported claim for relief

2   alleged therein, is barred insofar as this answering Defendant has not made the alterations to the

3   subject property that Plaintiff contends should have been made, those changes were not and are not

4   required under federal or California law because the cost and scope of such alterations are

5   disproportionate to the cost of the overall alteration made to the subject property.

6   **TWENTY-FIRST AFFIRMATIVE DEFENSE**

7   50.   This answering Defendant alleges Plaintiff's claims for relief are barred in that the alleged

8   practices are not unfair, the public is not likely to be deceived by any alleged practices, and that this

9   answering Defendant gained no competitive advantage by such practices.

10   **TWENTY-SECOND AFFIRMATIVE DEFENSE**

11   51.   This answering Defendant alleges Plaintiff's Complaint, and each purported claim for relief

12   alleged therein, is barred because Plaintiff comes to the Court with unclean hands.

13   **TWENTY-THIRD AFFIRMATIVE DEFENSE**

14   53.   Because the Complaint is couched in conclusory terms, this answering Defendant cannot fully

15   anticipate all defenses that may be applicable to the within action. Accordingly, the right to assert

16   additional defenses, if and to the extent that such defenses are applicable, is hereby reserved.

17   **TWENTY-FOURTH AFFIRMATIVE DEFENSE**

18   55.   This answering Defendant alleges that Plaintiff's claims for discrimination and exemplary

19   damages are barred because the conduct of this answering this answering Defendant was not

20   intentional.

21   **TWENTY-FIFTH AFFIRMATIVE DEFENSE**

22   56.   This answering Defendant alleges that Plaintiff's claims are barred because any injuries that

23   may have been sustained by Plaintiff, if there were any, were proximately caused by a defect or defects

24   in the design, manufacture, production, delivery, installation, construction, or placement of the

25   facilities and accommodations described in the Complaint, by persons other than this answering

26   Defendant.

27   **TWENTY-SIXTH AFFIRMATIVE DEFENSE**

28

- 9 -

58.     This answering Defendant alleges that Plaintiff's claims are barred because Plaintiff is a vexatious litigant.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

59.     This answering Defendant presently has insufficient knowledge or information in which to form a belief as to whether it may have additional, as yet unstated, affirmative defense(s) available. This answering Defendant thus reserves the right to assert additional defenses in the event that discovery indicated that they would be appropriate.

WHEREFORE, Defendant prays for judgment as follows:

1.   For a jury trial;

2.   That Plaintiff take nothing by his Complaint;

3.   That the Complaint be dismissed in its entirety with prejudice;

4.   That Plaintiff be denied each and every demand and prayer for relief contained in the Complaint;

5.   For cost of suit incurred herein, including reasonable attorneys' fees; and

6.   For such other and further relief as the Court deems just and equitable.

Dated: June 5, 2009

Ellis, Coleman, Poirier, LaVoie, & Steinheimer LLP

By _____
Jennifer S. Gregory
Attorney for
DEFENDANT ROBERT E. CLOUSE,
INDIVIDUALLY AND D.B.A. BOB CLOUSE
INSURANCE

- 10 -

**CERTIFICATE OF SERVICE**

I, Sharon Silva, declare:

I am a citizen of the United States, am over the age of eighteen years, and am not a party to or interested in the within entitled cause.  My business address is 555 University Avenue, Suite 200 East, Sacramento, CA 95825.

On June 5, 2009, I served the following document(s) on the parties in the within action:

**DEFENDANT ROBERT E. CLOUSE, INDIVIDUALLY AND DBA BOB CLOUSE INSURANCE'S ANSWER TO UNVERIFIED COMPLAINT**

| | |
|---|---|
| X | **VIA ELECTRONIC SERVICE**:  The above-described document(s) will be delivered electronically through the Court's ECF/PACER electronic filing system, as stipulated by all parties to constitute personal service, to the following: |
| | **BY MAIL**: I am familiar with the business practice for collection and processing of mail.  The above-described document(s) will be enclosed in a sealed envelope, with first class postage thereon fully prepaid, and deposited with the United States Postal Service at Sacramento, CA on this date, addressed as follows: |
| | **BY HAND**:  The above-described document(s) will be placed in a sealed envelope which will be hand-delivered on this same date by _____, addressed as follows: |
| | **VIA FACSIMILE**:  The above-described document(s) was transmitted via facsimile from the fax number shown on the attached facsimile report, at the time shown on the attached facsimile report, and the attached facsimile report reported no error in transmission and was properly issued from the transmitting facsimile machine, and a copy of same was mailed, on this same date to the following: |
| | **VIA OVERNIGHT SERVICE**:  The above-described document(s) will be delivered by overnight service, to the following: |

| | |
|---|---|
| Scott N. Johnson<br>Disabled Access Prevents Injury<br>5150 Fair Oaks Boulevard<br>Suite 101<br>Carmichael, CA 95608 | Attorneys for<br>In Pro Per |
| Erick Turner<br>304 S Street<br>Sacramento, CA 95811 | Attorneys for<br>Defendants Greenback Lane Partners |

I declare under penalty of perjury under the laws of the State of California that the foregoing is a true and correct statement and that this Certificate was executed on June 5, 2009.

By: _____
Sharon Silva

- 11 -